**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**　　　　　　　　　　　　　　　　**CRIMINAL ACTION NO. 3:13-CR-33-2
(JUDGE GROH)**

**DARNELL LEON PLAINES,**
a/k/a "Smalls,"

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT PLAINES' MOTION TO DISMISS INDICTMENT**

This matter is now before the Court for consideration of Defendant Darnell Leon Plaines' "Motion to Dismiss the Indictment" [Doc. 154] filed on February 28, 2014. On March 6, 2014, the United States filed its response in opposition to Defendant's Motion to Dismiss Indictment. For the reasons that follow, the Defendant's motion is **DENIED**.

**I. Background**

On September 4, 2013, a grand jury sitting in Clarksburg returned a seven-count Indictment. Defendant Plaines was charged in Count One of the Indictment, along with co-defendants Timothy Williams and Derrick Wells, with conspiring to possess with intent to distribute and to distribute twenty-eight grams or more of cocaine base between April 2013 and May 10, 2013. Defendant alleges that the Indictment should be dismissed because it "fails . . . to state an offense" against him. See Fed. R. Crim P. 12(b)(3)(B).

## II. Legal Standard

An indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "One of the principal purposes of an indictment is to apprise the accused of the charge or charges leveled against him so he can prepare his defense." United States v. Fogel, 901 F.2d 23, 25 (4th Cir. 1990). The Fourth Circuit Court of Appeals has stated that "[t]o pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998) (citing United States v. Sutton, 961 F.2d 476, 479 (4th Cir. 1992)).

An indictment is generally sufficient if it tracks the words of the statute itself and includes "a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." Hamling v. United States, 418 U.S. 87, 117-18 (1974) (quoting United States v. Hess, 124 U.S. 483, 487 (1888)). In analyzing the sufficiency of an indictment, a court will look "at the contents of the subject indictment, 'on a practical basis and in [its] entirety, rather than in a hypertechnical manner.'" United States v. McLeczynsky, 296 F.3d 634, 636 (7th Cir. 2002) (quoting United States v. Smith, 230 F.3d 300, 305 (7th Cir. 2000)). In resolving a motion to dismiss the indictment based on failure to state an offense, the Court views the allegations of the indictment as true. United States v. Sampson, 371 U.S. 75, 76 (1962).

III. Discussion

In this case, the Indictment not only tracks the language of the charging statute, but it also provides a statement of the facts and circumstances that informs Defendant Plaines of the specific offense. The Indictment provides, in relation to the "conspiracy" charge, that from in or about April 2013 to on or about May 10, 2013, in the Northern District of West Virginia, Defendant Plaines and his co-defendant Williams and Wells "did knowingly and intentionally combine, conspire, confederate, and agree together and with each other, and with persons known and unknown to the Grand Jury, to commit an offense against the United States." The Indictment also charges that the "purpose and object of the conspiracy" was to "knowingly and intentionally possess with intent to distribute and to distribute 28 grams and more of cocaine base . . . ." This language in the Indictment follows the charging statute as well as provides a statement of the facts and circumstances informing Defendant of the specific offense. Indeed, 21 U.S.C. § 841(a)(1) provides that it "shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance." Accordingly, the Indictment sufficiently charges an offense.

Defendant also challenges that the grand jury had insufficient evidence to essentially charge Defendant in Count 1 of the Indictment. The United States Supreme Court has stated that "An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." Costello v. United States, 250 U.S. 359, 363 (1956). Therefore, a court will not quash an indictment if a defendant simply

challenges it on the ground that "there was inadequate or incompetent evidence before the grand jury."  Id.  Indeed, this would result in a preliminary trial on the merits "to determine the competency and adequacy of the evidence before the grand jury."  Id.  The Fourth Circuit Court of Appeals has routinely denied motions to dismiss an indictment based on an argument that the grand jury had insufficient evidence.  See United States v. Alexander, 789 F.2d 1046, 1048-49 (4th Cir. 1986) (holding per the majority in Costello that "a facially valid indictment suffices to permit the trial of the party indicted"); United States v. Mills, 995 F.2d 480, 487 (4th Cir. 1993) (noting that "the Supreme Court's holdings under the Fifth Amendment's Indictment clause teach that courts lack authority to review either the competency or sufficiency of evidence which forms the basis of an indictment").  Therefore, this Court finds that the Indictment in this matter was returned by a legally constituted and unbiased grand jury and that the Indictment is valid on its face.  Accordingly, in light of precedent of the United States Supreme Court and the Fourth Circuit Court of Appeals, the Court **DENIES** Defendant Plaines' Motion to Dismiss Indictment.

## IV.  Conclusion

Accordingly, the Court finds that Defendant's Motion to Dismiss Indictment is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: March 10, 2014

/s/ Gina M. Groh
GINA M. GROH
UNITED STATES DISTRICT JUDGE